MEMORANDUM **
Lukman Halim and Juliana Pio, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals’ order dismissing their appeal from an immigration judge’s (“IJ”) decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny in part and grant in part the petition for review.
The agency denied the petitioners’ asylum applications as time-barred. The petitioners do not challenge this finding in their opening brief.
Substantial evidence supports the IJ’s denial of Pio’s withholding of removal claim because she failed to establish that her experiences in Indonesia rose to the level of persecution, see Nagoulko v. INS, 333 F.3d 1012, 1016-18 (9th Cir.2003), and she did not demonstrate a clear probability of future persecution, see Hoxha v. Ashcroft, 319 F.3d 1179, 1184-85 (9th Cir.2003).
We grant the government’s request to remand Halim’s withholding of removal claim for the agency to properly apply the *731 presumption that his life or freedom would be threatened if returned to Indonesia. See INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); 8 C.F.R. § 1208.16(b)(l)(i).
Substantial evidence supports the IJ’s denial of CAT relief because the petitioners did not show that it is more likely than not they would be tortured if returned to Indonesia. See Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir.2006).
The parties shall bear their own costs on appeal.
PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.